UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 3:09-cv-00544<br>) |
| TAMMY COMPTON BARR; JEFFREY SCOTT BARR; CHRISTOPHER MATTHEW BARR; DAVID EDWARD BARR; and LADY'S FUNERAL HOME, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CONSENT ORDER APPROVING MEDIATED SETTLEMENT

THIS CAUSE came before the Court for the entry of a Consent Order approving the settlement reached by the parties at a mediated settlement conference conducted on August 16, 2010. The Court is of the opinion that the settlement reached at mediation should be approved, and enters the following Findings of Fact and Conclusions of Law:

1. Plaintiff The Prudential Insurance Company of America ("Prudential") is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

2. Defendant Tammy Compton Barr ("Tammy") is an adult individual residing in Kannapolis, North Carolina. Tammy is the surviving spouse of Phillip S. Barr.

3. Defendant Jeffrey Scott Barr ("Jeffrey") is an adult individual living in China Grove, North Carolina. Jeffrey is the son of Phillip S. Barr.

4. Defendant Christopher Matthew Barr ("Christopher") is an adult individual living in Charlotte, North Carolina. Christopher is the son of Phillip S. Barr.

5. Defendant David Edward Barr ("David") is an adult individual living in Charlotte, North Carolina. David is the son of Phillip S. Barr. David is autistic and his mother, Teresa Barr, has been appointed by this Court as his guardian *ad litem*.

6. Defendant Lady's Funeral Home is a business operating in Kannapolis, North Carolina. Lady's Funeral Home provided funeral services for Phillip S. Barr.

7. This Court has original jurisdiction over this matter pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et. seq.* The Court also has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy is greater than $75,000.00 and there is diversity of citizenship among the parties.

8. Venue is proper in this district pursuant to 28 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because it is the judicial district where one of the Defendants resides.

9. Prudential provided group life insurance benefits through Prudential Group Contract Number UG-96274-DE to qualified employees of BellSouth Corporation ("the Group Contract").

10. On or about August 7, 2009, Phillip S. Barr died in the State of North Carolina. At the time of his death, Phillip S. Barr's life was covered under the Group Contract.

11. At the time of Phillip S. Barr's death, the proceeds of the group life insurance under the Group Contract were in the amount of $80,000.00, plus a return premium in the amount of $118.12 and a fund balance of $48.35 (collectively, the "Death Benefit"). The Death Benefit became due and payable upon Phillip S. Barr's death.

12. A controversy arose among the Defendants as to how the Death Benefit was to be distributed.

13. Prudential filed this interpleader action pursuant to Fed. R. Civ. P. 22 on or about December 29, 2009 in an effort to resolve the controversy regarding the Death Benefit.

14. Lady's Funeral Home advised it had been paid for Phillip S. Barr's funeral services and had no claim to the Death Benefit. Accordingly, Lady's Funeral Home was dismissed from the litigation on January 21, 2010.

15. The remaining Defendants (hereinafter, the "Settling Defendants") submitted their claims to mediation on August 16, 2010. At that mediated settlement conference, the Settling Defendants reached an agreement with respect to the Death Benefit and are seeking to have this Court approve the settlement.

16. The Court finds that the settlement reached at the mediated settlement conference is appropriate and that each of the parties hereto consent to the entry of this order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Death Benefit shall be divided among the Settling Defendants as follows:

a. $20,000.00 shall be divided among the Settling Defendants Jeffrey Scott Barr, Christopher Matthew Barr and David Edward Barr, through his guardian *ad litem*, Teresa Barr. Prudential shall cause a check to be issued in the amount of $20,000.00 made payable to "Jeffrey Scott Barr, Christopher Matthew Barr and Teresa Barr, as guardian *ad litem* of David Edward Barr, jointly and the Wishart, Norris, Henninger & Pittman, P.A. Trust Account." Said check shall be forwarded to William A. Navarro, Esq., Wishart, Norris, Henninger & Pittman, P.A., 6832 Morrison Boulevard, Charlotte, NC 28211,

b. $60,000.00 shall be paid to Tammy Compton Barr. Prudential shall cause a check to be issued in the amount of $60,000.00 made payable to "Tammy Compton Barr." Said check shall be forwarded to J. Huntington Wofford, Esq., P.O. Box 34607, Charlotte, NC 28234.

c. The return of premium in the amount of $118.12 and the fund balance of $48.35 also shall be paid to Tammy Compton Barr. Prudential shall cause to be issued either one check in the amount of $166.47 or two checks in these amounts of $118.12 and $48.35 made payable to "Tammy Compton Barr." Said check or checks shall be forwarded to J. Huntington Wofford, Esq., P.O. Box 34607, Charlotte, NC 28234.

2. Upon payment of these sums by Prudential, all of the parties' claims, cross-claims and counterclaims in this matter shall be dismissed, with prejudice.

3. Upon payment of these sums by Prudential, Prudential shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of the Defendants, for any and all benefits arising under the Group Contract on account of the death of Phillip S. Barr.

4. Upon payment of these sums by Prudential, Prudential shall be released and discharged from and against any and all liability, suits, debts, judgments, dues, sums and/or causes of action, whether at law or in equity, to any person, entity, claimant, and/or party to this action, for any and all benefits arising under the Group Contract.

5. Upon payment of these sums by Prudential, defendants, and each of them, are permanently restrained and enjoined from instituting and/or prosecuting any suit, causes of action or civil proceeding in any state, federal or other court of competent jurisdiction against Prudential seeking benefits or asserting damage claims arising under the Group Contract as a consequence of the death of Phillip S. Barr.

6. Each party shall bear its own costs, including attorneys fees, in this matter.

7. The Clerk is DIRECTED to CLOSE the case.

Signed: September 2, 2010

Frank D. Whitney
United States District Judge

WE CONSENT:

/s/ Dawn Barker Floyd
DAWN BARKER FLOYD
Attorney for Plaintiff,
The Prudential Insurance Company of America


/s/ J. Huntington Wofford
J. HUNTINGTON WOFFORD
Attorney for Defendant, Tammy Compton Barr


/s/ William A. Navarro
WILLIAM A. NAVARRO
Attorney for Defendants, Jeffrey Scott Barr;
Christopher Matthew Barr; and
David Edward Barr